# Smith *versus* McKenna.

53　　151
40SC 1565

1. During the raid of 1863, whilst the citizens of Pittsburgh were engaged in building defences, the defendant promised the plaintiff, also a citizen, that if he would work on them he would pay him. Notwithstanding the circumstances, the plaintiff was not bound to work gratuitously, and the defendant was liable on his promise.

2. This promise was not to answer the debt or default of another; it was an independent undertaking by the defendant on his own account, and writing was not necessary to make it valid.

ERROR to the Court of Common Pleas of *Allegheny county.*

This was a suit brought by William McKenna against William Smith, before a justice of the peace, who gave judgment for the plaintiff for $30; from which the defendant appealed to the Court of Common Pleas.

During the raid of the traitors into Pennsylvania in 1863, a

[Smith *v.* McKenna.]

number of citizens of Pittsburgh, under the command of General Bernard, an officer in the service of the United States, engaged in building fortifications for the defence of the city. The defendant, the owner of a foundry, was there with his hands, whom he "headed and bossed." There was evidence that as some of the carts were going away, the defendant said that he would want more hands; that the plaintiff said he had a cart at home; that the defendant told him to bring it, and said he would pay him.

The 4th and 5th points of the defendant, which were denied by the court, were :—

" If the plaintiff voluntarily went to work on the fortifications for the common defence of the community, and refused to continue unless his wages were paid, and the plaintiff agreed that the wages should be paid, such agreement, unless in writing, is void."

" If the defendant employed the plaintiff to work for the common protection, &c., of the community, the plaintiff being a member of it; a promise by the defendant to pay was *nudum pactum*."

The court (Stowe, A. J.) charged :—

" This whole case turns on the question of whether the defendant *expressly* promised to pay the plaintiff, if he would work with his cart on the fortification? If he did so promise, the plaintiff can recover the fair value of the work done by him."

The jury found for the plaintiff $24.50.

The above portion of the charge, and the answers to the points, were assigned for error.

*J. A. Lowrie*, for plaintiff in error, cited Act of April 26th 1855, § 1, Pamph. L. 308, Purd. Dig. 497, pl. 4; Harris *v.* Watson, Peake 72; Newman *v.* Walter, 3 Bos. & Pul. 612; Birkmyr *v.* Darnell, 1 Sm. Lead. Cas. 134, n.; Smith on Cont. (3 Am. Ed.) 112, 113–14, n. 1; Shoemaker *v.* King, 4 Wright 110.

*Mitchell & Palmer*, for defendant in error.

The opinion of the court was delivered, November 2d 1865, by

THOMPSON, J.—The jury in this case have found that the plaintiff below did or caused to be done, the work claimed for, at the special instance and request of the defendant, and upon his express promise to pay for it. This was just what was submitted for inquiry by the learned judge. There is now, therefore, no dispute about the performance of the labor, or the promise to pay for it. But it was argued in substance for the plaintiff in error, that although this was so, yet he ought not to be compelled by law to perform his promise, because the public exigencies were such that it was the plaintiff's duty to perform the labor gratuitously. Circumstances might exist in which public authority

[Smith v. McKenna.]

could justly coerce the performance of services without compensation, and some of them are given. But the defendant was clothed with no such authority, nor did he even rely on it, or on plaintiff's sense of duty, which he now seems to think ought to have prompted him to act differently; but applied a different incentive to action, namely, a promise to pay him. He did not at the time act, therefore, as if he thought the laboring man ought to go without compensation, but promptly agreed to pay him. The work being performed was a sufficient consideration for the promise to pay, and we think duty as well as law agree that the promise should be enforced. Nor ought the commendable patriotic impulse which induced the promise, have been allowed to vanish into a selfish spirit so soon after the necessity for the services had passed away; but if it did, the implied imputation of a like duty upon the plaintiff might well have been forborne, in the consideration that he acted on a promise fairly made, and therefore under a different impulse. Nothing, however, can be plainer, than that the plaintiff was not compelled to perform the services charged for gratuitously, excepting it be, that as they were rendered at the request of the defendant, and on his promise to pay for them, he ought to comply with his promise.

The Statute of Frauds and Perjuries has no bearing on the case. The promise was not to answer for the debt or default of another. No other had previously undertaken to pay, and it is only in such a case that a writing is required by the statute. This was an original independent undertaking by the defendant on his own account, and a writing was not needed to render it valid.

Judgment affirmed.