## Clendenon *versus* Pancoast.

1. An owner authorized a broker to sell his land for $17,000 within a time named. The broker procured a buyer at the price who requested the owner to take mortgages in part payment if convenient, the owner said that released him, he was told at the same time that the request was made only if it suited him; that the buyer would pay cash; the owner still refused. In a suit by the broker for commissions, *Held*, that it was for the jury whether the acceptance was conditional or absolute.

2. The broker's commissions were earned if he procured a buyer at the price named by the owner.

February 3d 1874. Before AGNEW, C. J., MERCUR and GORDON, JJ. SHARSWOOD, J., at Nisi Prius.

Error to the District Court of Philadelphia: No. 1, to July Term 1872.

This was an action of assumpsit brought to December Term 1868, of the court below, by Joshua Clendenon against Joseph Pancoast, to recover commissions, which the plaintiff alleged he had earned in negotiating the sale of real estate for the defendant.

The plaintiff informed the plaintiff that he had some property to sell, and requested the plaintiff, who was a real estate broker, to sell it for him; he fixed the price at $13,000; the plaintiff took several persons to see the property, among the rest William Howell, who requested him to get a plan of the property. On going to the defendant for the plan, he said he would not sell, unless he got $17,000. Plaintiff informed Howell that the price had been raised to $17,000, and at Howell's request he and plaintiff fixed a time to look at the property. Plaintiff afterwards called to see the defendant, who asked him if he had got a buyer; plaintiff said he thought

[Clendenon *v.* Pancoast.]

he had ; defendant then said, " If your man will take it by Saturday he can have it, after this week I will not bind myself." On Saturday Howell told plaintiff that he would take the property, and requested him to ask the defendant if he would take some mortgages on account of the purchase-money. Plaintiff went on the same day to defendant, and told him it was Howell who wished to purchase, and that he said he would like him to take some mortgages for part of the purchase-money ; the defendant replied, " That lets me out, I won't sell." Plaintiff replied, " No, he only said he would like to give you the mortgages, if it suited you, but he will take the property anyhow, and pay you the cash, if you require it ;" the defendant insisted that this let him out, saying, " If you had said nothing about the mortgages, I was fast—I could not have helped myself." Plaintiff said Howell agreed to take the property, and would take it, only said he would like to take the mortgages, if convenient ; but defendant persisted in his refusal, and requested plaintiff to tell Howell and ask him " to let him up." Plaintiff told Howell who directed him to go to the defendant, and demand the papers ; plaintiff did so, but defendant still refused.

Howell testified corroborating the part of plaintiff's statements of which he had knowledge, and also that he was prepared and willing to pay the whole purchase-money, " cash down."

The plaintiff here closed his evidence, and the court, on motion of the defendant's counsel, directed a nonsuit.

This was assigned for error by the plaintiff on the removal of the record to the Supreme Court.

*R. P. White*, for plaintiff in error, cited Keys *v.* Johnson, 18 P. F. Smith 42 ; Clapp *v.* Hughes, 1 Phila. Rep. 382.

*J. B. Townsend*, for defendant in error, cited Brennan *v.* Perry, 26 Legal Intell. 222 ; Pratt *v.* Patterson, 27 Id. 133 ; Keys *v.* Johnson, 18 P. F. Smith 42.

The opinion of the court was delivered, May 11th 1874, by

MERCUR, J.—This suit was brought to recover commissions claimed to have been earned by the plaintiff as a real estate broker. When his evidence closed, the court ordered a nonsuit. Was this error ?

The plaintiff averred that he was authorized to procure and did procure a person to bargain and buy of and from the defendant the land in question, for the price or sum of $17,000.

The evidence shows that the plaintiff had some negotiation with a Mr. Howell in regard to purchasing it, and they had fixed upon a time to go and examine the property. During an interview soon after between the parties, the plaintiff informed the defendant that he thought he had procured a purchaser and

[Clendenon v. Pancoast.]

that he had given him the whole of that week to decide. To this defendant replied, "If your man will take it by Saturday, all right, he can have it; after this week I will not be bound." The plaintiff communicated this to Howell. The latter examined the property, and on Saturday morning informed the plaintiff he would take the property. He however requested the plaintiff to ask the defendant whether it would be convenient to take some mortgages on account of the purchase-money. Thereupon the same morning the plaintiff told the defendant that his man would take the property. That it was Mr. Howell, and that he would like to give him some mortgages in part payment of the purchase-money. The defendant replied, "That lets me out, I won't sell." The plaintiff said "No, he only said he would like to give you the mortgages, if it suited you, but he will take the property anyhow, and will pay cash, if you require it." The defendant persisted in his refusal to close the sale, and Howell insisted upon the purchase, declaring his readiness to pay the cash as soon as the papers could be prepared.

We understand the defence to rest wholly upon the fact, that when the acceptance was communicated to the defendant, it was accompanied with a request that he take mortgages for a part of the purchase-money. It would seem by the defendant's answer, that at first he might have understood this request to be one of the conditions of the purchase. If so, it appears this impression was immediately corrected by the plaintiff. This is the turning-point in the case. Howell accepted the offer as to price, and upon the day designated. Did he or not change the manner of payment? The offer to sell was for cash. Was the acceptance conditional upon the defendant's taking some mortgages, or was it unconditional? We are clearly of the opinion that the evidence was sufficient to have been submitted to the jury to find whether it was not unconditional. If the jury should so find, the plaintiff had clearly sustained his averment. He had procured a person to bargain and buy the property of the defendant at the price named. We think, therefore, the learned judge erred in not submitting the case to the jury.

Judgment reversed, and a *procedendo* awarded.