## Booth *versus* Heist.

H. furnished lumber to erect certain houses. B. advanced the money to M. to erect the houses. The lumber was delivered to M., but charged to B. H. said to B., I am furnishing this lumber and charging it to you, and if it is not all right I want you to say so. B. said it was all right, provided he got a certain deed of one of the houses that had been built. H. informed M. of the conversation and continued to furnish the lumber. M. testified that the deed was delivered to B., and that he left money in the hands of B. to pay the bills for the lumber. In an action against B., *held*, that B.'s promise was not to pay the debt of another, but an original undertaking, and that the plaintiff could recover.

March 25th 1880. Before SHARSWOOD, C. J., MERCUR, GORDON, TRUNKEY and STERRETT, JJ. PAXSON and GREEN, JJ., absent.

Error to the Court of Common Pleas of *Montgomery county:* Of July Term 1879, No. 62.

Assumpsit by George D. Heist against Edwin G. Booth.

This suit was brought to recover the money due for lumber delivered for the erection of buildings at Chestnut Hill. When applied to for this lumber, in May 1875, by Samuel Meredith, the contractor or builder, and after a small quantity had been furnished and charged to the defendant, the plaintiff called upon the defendant and informed him that he was furnishing lumber for the construction of these buildings, and charging the same to him, and he was asked if this was right, saying, "If it is not all right I want you to say so." Defendant then replied that it was right, provided he got a certain deed for property there—one of the properties that had been built. Plaintiff then left defendant and called upon Mr. Meredith.

After proving these facts on the trial, witness was then asked, "Did you communicate to Meredith what Booth said?" To this defendant objected, but the court overruled the objection. This forms the first exception. Witness then answered, "I did."

Meredith was then called as a witness, and testified that the deed to which defendant referred in his interview with the plaintiff was by him delivered to the defendant. He further testified that he had left money in defendant's hands to pay the bills charged to him.

13 NORRIS—12

[Booth *v.* Heist.]

On cross-examination, this witness was asked by defendant's counsel, " What conversation did you have with Heist (the plaintiff) when you first went to him about the lumber ?"   Objection was made to this question as not being cross-examination, and sustained.   This formed the second exception.

Plaintiff's books containing the original entries against defendant were then received in evidence without objection.

Defendant then offered a building agreement made between himself and Meredith, by which it appeared that he was to advance $2200 on each house as it was erected, and by which it also appeared that defendant, at the time the lumber was furnished beside the money left by Meredith in his hands to pay bills charged to him as above mentioned, had a sum of money in his hands payable to Meredith from which he was to pay plaintiff.

The defendant presented the following point:

" That there is no such clear and explicit evidence of a promise by the defendant to pay the debt as entitles the plaintiff to recover, and their verdict should be for the defendant."

The court, in answer to this point, said: " I decline to charge as requested," and further said: " If you believe the evidence of the plaintiff, the plaintiff is entitled to recover, and the verdict should be in his favor."

Verdict for plaintiff for $559.51, and after judgment defendant took this writ and alleged that the court erred in their rulings on the above evidence and in the answer to the foregoing point.

*Charles F. Corson* and *E. G. Booth*, P. P., for appellant.— Booth had nothing to do with the contract of sale, and knew nothing about it until several months afterwards.

It was the duty of the court to have charged the jury that there was no sufficient evidence of a promise by defendant to entitle the plaintiff to a verdict.

Even if the court was right in charging the jury that it was an original undertaking on the part of defendant, no recovery could be had, because there was no consideration for the promise.

*B. E. Chain*, for defendant in error.—The plaintiff, being a lumber merchant, when applied to for his merchandise, very naturally inquired who wanted it and to whom it was to be charged.   Not satisfied, he went to the person on whose account it was purchased and obtained from him the information sought.

The conveyance to which defendant referred, as to be made to him by Meredith, was delivered to him.   The consideration for the promise by Booth is thus shown to be complete.   The undertaking then was an original one made upon a full consideration.   Besides Meredith left money in the hands of Booth to pay the claim.

[Booth *v.* Heist.]

Booth also had large sums of money in his hands belonging to Meredith when this bill was contracted.

Mr. Justice MERCUR delivered the opinion of the court, May 3d 1880.

This suit was to recover for lumber furnished by Heist in the erection of certain buildings. They were erected on land conveyed to Meredith by Booth. At the time of sale of the land the latter agreed to advance to Meredith $2200 on each house, which he covenanted to build thereon, to secure the purchase-money and advances to Booth. The lumber was delivered to Meredith but charged to Booth. Heist testified that after he had furnished a little lumber to Meredith he saw Booth, and they talked the matter over. That Booth said "he expected to do considerable building and to get the lumber of me. I told him I would be pleased to furnish him with the lumber. Less than a month thereafter I saw Mr. Booth at his office. I told him that I was furnishing lumber and charging it to him, and wanted to know if that was right. His answer was evasive. I went down stairs. I went back again and said to him, Mr. Booth I am furnishing this lumber and charging it to you, and if it is not all right I want you to say so. He said it was all right provided he got a certain deed of property there—one of the properties that had been built." He informed Meredith of the conversation with Booth, and "went on to deliver lumber."

Meredith testified "the deed was executed to Mr. Booth, to which he referred in his conversation with Heist. Mr. Booth paid me $500, leaving a balance of $600 in his hands. Bills were charged to Mr. Booth, and I left that money there to pay them."

This evidence was clearly sufficient to submit to the jury as tending to prove two things: the one, that sufficient money was left in the hands of Booth to pay for the lumber, and that it was left for that purpose, the other, that the lumber was delivered on Booth's credit, and on his express agreement to pay therefor. If the evidence was believed it did not show a promise to assume and pay the debt of another. It was an original promise and undertaking by Booth. It was never charged to Meredith or delivered on his credit. It was no transfer of an obligation to Booth that had once attached to Meredith. The evidence then was most ample to submit to the jury to find whether Booth was not the original and sole debtor. The case was fairly submitted in a charge as favorable as the plaintiff in error was entitled to. We see no error in any of the assignments.

Judgment affirmed.