# Edmund W. Holmes v. James Fitzpatrick, Appellant.

*Contract—Agreement to pay for services rendered to another—Evidence —Question for jury.*

In an action to recover for medical services rendered to defendant's mother, the case is for the jury where the evidence, although contradicted, shows that defendant said to plaintiff, " Whenever my mother sends for you I want you to attend her, and I will pay your bill ; " and there is proof that defendant paid other bills rendered to him by plaintiff for attending his mother.

Argued Jan. 15, 1895. Appeal, No. 132, July T., 1895, by defendant, from judgment of C. P. No. 1, Philadelphia Co., December T., 1893, No. 1401, on verdict for plaintiff. Before STERRETT, C. J., GREEN, WILLIAMS, McCOLLUM, MITCHELL, DEAN and FELL, JJ. Affirmed.

Assumpsit for medical services rendered to defendant's mother. Before BIDDLE, J.

At the trial plaintiff's evidence tended to show that defendant agreed to pay plaintiff for any medical services that he might render to defendant's mother, and that defendant had paid some bills to plaintiff in pursuance of this agreement. This was denied by defendant.

The court charged in part as follows :

In this case Dr. Holmes brought suit against Mr. Fitzpatrick to recover for medical services furnished to the mother of Mr. Fitzpatrick at his request.	The doctor states that a number of years ago, when he first commenced attending the family, that is to say, ten or eleven years ago, he had an interview with Mr. Fitzpatrick, and he said to him, " Whenever my mother sends for you I want you to attend her and I will pay your bill ; " and he contends from that time down to almost the day of this lady's death he had been in the habit of attending her and sending bills to Mr. Fitzpatrick, which Mr. Fitzpatrick had paid, and therefore in the usual course of business he sent this bill to Mr. Fitzpatrick, but, for reasons he has stated, Mr. Fitzpatrick declined to pay it.

Now, as has been said by the defendant's counsel, it is true that a promise made ten years ago if you were to sue upon it now you could not recover.	It is also true that a promise to pay the debt of another must be in writing.

Those are both true principles of law, but they are not applicable to this case. . . .

Now the defendant denies that he made this promise to the doctor originally, and he says he has paid bills of his mother, etc., but his explanation of that is that he has paid the bills whenever his mother requested him to pay, but on this occasion she did not request him to pay it, and therefore he declined to pay it.

These are the main questions that you have to decide in this case.	If you believe the doctor's statement that he was continuously attending her on those terms, there is nothing to prevent you giving a verdict for him.	On the other hand, a man is not bound to pay a bill simply because it is owing by his mother.	That depends on his having bargained to pay it.

Defendant's points were as follows :

1. The plaintiff cannot recover unless the defendant promised in writing to pay the account sued for.	*Answer :* Refused. [1]

3. Under all the circumstances of this case the verdict must be for the defendant.	*Answer :* Refused. [2]

Verdict and judgment for plaintiff for $75.00.	Defendant appealed.

*Errors assigned* were (1, 2) above instructions, quoting them.

*Charles L. Smyth,* for appellant.—The case is clearly within the statute of frauds : Riegelman v. Focht, 141 Pa. 380.

*Sydney G. Fisher, Francis Rawle* with him, for appellee, cited Merriman v. McManus, 102 Pa. 102.

PER CURIAM, January 27, 1896 :

There was some testimony tending to prove an original undertaking by the defendant to pay for medical services rendered his mother at her request, and a subsequent course of dealing between plaintiff and defendant in pursuance thereof. That testimony presented a question of fact for the jury, and it was accordingly submitted to them by the learned trial judge in a clear and adequate charge, to which no just exception can be taken. The facts upon which the case hinged were established by the verdict ; and, the court below having refused a new trial, litigation should have then and there ended. There is nothing in either of the specifications that requires further notice. Neither of them is sustained.

Judgment affirmed.