# Hannah G. Speers, administratrix of James Speers, deceased, *v.* H. S. Knarr, Appellant.

*Vendor and vendee—Sale—Statute of frauds—Guaranty—Meaning of words.*

Where a vendor delivered lumber to S. at the request and on the verbal agreement of K. " to fix it," meaning thereby that he would pay for it, the undertaking is not a guaranty, and not within the statute of frauds.

The question of the meaning and effect of the words used was properly left to the jury.

*Practice, Superior Court—Defective assignment of error.*

An assignment which relates to remarks alleged to have been made by counsel in argument to the jury is defective where the assignment is not printed, and where the facts alluded to therein are not brought upon the record in any way.

Argued Feb. 9, 1897. Appeal, No. 22, Feb. T., 1897, by defendant, from judgment of C. P. Clearfield Co., Sept. T., 1888, No. 571, on verdict for plaintiff. Before RICE, P. J., WILLARD, WICKHAM, BEAVER and REEDER, JJ. Affirmed.

Assumpsit for goods sold and delivered. Before GORDON, P. J.

It appeared from the evidence that one Sackett desired to purchase lumber from plaintiff's decedent; that the decedent, Mr. Speers, refused to furnish the lumber upon Sackett's credit. Sackett, who desired to begin building on a lot which he had agreed to purchase from H. S. Knarr, the defendant, informed the defendant of this fact. He, it is alleged, requested Mr. Speers to deliver the lumber to Sackett and promised that he, the defendant, would pay for it. The lumber, it is alleged by plaintiff, and there was evidence tending to establish the fact, was delivered upon the defendant's credit and was bought for use in the construction of the house on land which defendant contracted to sell to Sackett, but for which the latter had not paid the purchase money.

The court left the question to the jury as to whether there was an agreement on the part of the defendant to pay for the lumber, leaving it for the jury to determine the meaning of the conversations and messages which constituted the agreement, the court, GORDON, P. J., charging the jury, inter alia, as follows : . . . [If Mr. Speers sold the lumber in this case on the credit of W. C. Sackett, without Mr. Knarr having stated to him or sent him word in advance to sell Sackett the lumber and that he would pay for it or would fix it, then any subsequent action of Mr. Speers would not be binding upon Mr. Knarr, because the amount involved exceeds $20.00. It is the duty of the plaintiff to satisfy the jury, by the weight of the testimony, that he sold this lumber not on the credit of W. C. Sackett but upon the promise made by Mr. Knarr, that if he would deliver Sackett the lumber that he, the defendant, would fix it, meaning thereby that he would pay for it.] [1] . . . [It isn't necessary that we go over all of the testimony in detail, because it is a question of fact for the jury, and you are to pass upon it from the weight of the testimony, the preponderance of the evidence.] [2] . . .

[On the part of the defendant, you have his testimony taken on the former trial. By reason of the death of Mr. Speers, Mr. Knarr cannot now be a witness, but his testimony taken on the other trial is competent evidence. He denies entirely the story, as told here, as to the contract made; he denies that he made or entered into any undertaking to pay for the lumber in any emergency; he says he did send this man Sackett to mill men, those engaged in furnishing lumber; said to him that he could probably get lumber with which to build his house, but he denies emphatically that he said to Sackett to tell Speers that he would either pay for it or he would fix it. I believe he says he sent him to Speers to get the lumber and told him he would see about it.

By Mr. Cole: He doesn't go that far; he says go and tell Speers to let you have it; that is all he says.

By the Court: No matter which he uses. If he said that he would see about it, it wouldn't make him liable, unless he agreed to pay for it.] [3] . . . .

Verdict and judgment for plaintiff for $36.46. Defendant appealed.

*Errors assigned* were (1–3) portions of the judge's charge; (4) in answering defendant's point, as follows:

" 1. The evidence in this case offered by the plaintiff to charge the defendant even if believed, is not sufficient to entitle the plaintiff to recover, as at most it tends to establish a contract of guaranty on the part of Mr. Knarr, and no evidence having been given by Speers of the acceptance of that guaranty, and no proceedings taken to recover from the principal debtor, there can be no recovery here." *Answer:* " We decline to so instruct you as we instructed you in our general charge, if you find from the evidence that Knarr refused to obligate himself in any way, as he claims, or that his obligation was but a guaranty or collateral undertaking, there being no evidence of notice of acceptance from Speers to Knarr, the latter would not be liable. But, if you find from the evidence that Knarr did make an agreement, and that it was an original undertaking on his part to pay Speers for the lumber Sackett would get under and in pursuance of the arrangement, and that the lumber was furnished in pursuance and reliance upon it, no notice

was required from Speers to Knarr of the acceptance or delivery of lumber in pursuance of that arrangement. If the evidence shows Knarr agreed to become liable as a primary obligation, he needed no notice, as it was his debt. This is as we stated before, a question of fact for the jury. Arrive at your verdict as you find from the clear weight of the evidence, the contract to be one way or the other." (5) In submitting to the jury the question as the plaintiff's right to recover, for the reason that said claim is clearly within the provision of the statute of frauds and perjuries ; (6) relates to remarks alleged to have been made by plaintiff's counsel in his closing argument to the jury. The assignment is not printed, and the facts alluded to therein were not brought upon the record in any way.

*A. L. Cole*, with him *H. A. Moore*, for appellant.

*W. C. Pentz*, for appellee.

OPINION BY RICE, P. J., March 7, 1897:

W. C. Sackett being about to build a house on a lot which he had contracted to buy from the defendant, applied to James Speers for lumber. The latter refused to furnish it unless he would bring an order from the defendant. Sackett reported this to the defendant, and the latter told Sackett to tell Speers to let him (Sackett) have the lumber and that he (the defendant) would fix it. This was substantially the language of the defendant as testified to by Sackett and two other witnesses who were present. John S. Speers, a brother of James Speers, testified, that about the same time the defendant told him to tell his brother to let Sackett have the lumber and he (the defendant) would pay for it. There was evidence that what the defendant said was communicated to James Speers, and that pursuant to the order and promise thus communicated to him he furnished the lumber. Therefore the case is the same as if the defendant had given the order to Mr. Speers in person. The learned trial judge instructed the jury : " It is the duty of the plaintiff to satisfy the jury, by the weight of the testimony, that he sold this lumber, not on the credit of W. C. Sackett, but upon the promise made by Knarr that if he would deliver Sackett the lumber, he, the defendant, would fix it, meaning thereby

that he would, pay for it." There is scarcely room for doubt—
especially in view of what he said to John Speers—that when
the defendant said he would "fix it" he meant he would pay
for the lumber. But as the meaning of words used in conver-
sation and what the parties meant to express by them is for the
jury to determine, the court in this, as well as in other parts of
the charge, properly left the question to them: McFarland v.
Newman, 9 W. 55–59; Brubaker v. Okeson, 36 Pa. 519; Maynes
v. Atwater, 88 Pa. 496; Forrest v. Nelson, 108 Pa. 481; Hine-
man v. Matthews, 138 Pa. 204 ; Stoddart v. Price, 143 Pa. 537 ;
Fulton v. Lancaster Co., 162 Pa. 294–297. In another portion
of the charge the jury were instructed that in order to hold
the defendant the lumber must have been furnished by Mr.
Speers relying upon this contract; it must have been furnished
upon the credit of the defendant. The defendant denied hav-
ing made the promise as alleged by the plaintiff, but as the evi-
dence so strongly preponderates in favor of the plaintiff's theory
it does not seem strange that the jury adopted it. At all events
the verdict, construed in the light of the judge's charge, may
be regarded as a finding of the following facts upon sufficient
evidence : (1) Mr. Speers refused to furnish the lumber upon
Mr. Sackett's credit. (2) The defendant, being informed of
this, requested Mr. Speers to deliver the lumber to Sackett and
promised that he, the defendant, would pay for it; (3) Mr.
Speers delivered the lumber upon the defendant's credit; (4)
the lumber was bought for and used in the construction of a
house on land which the defendant contracted to sell to Sack-
ett, but for which the latter had not paid the purchase money.
Under the latter contract the defendant agreed to look to the
land for the payment and not to hold Sackett personally liable
therefor.

These facts being established we think the defendant was
properly held liable, notwithstanding the fact that his promise
was not in writing. It was not in form of a guaranty but it
was unconditional; it was a promise to pay for goods to be
delivered upon his order and upon his credit and not that of
Sackett; and the effect was to subserve his personal interest.
It was, therefore, an original undertaking, a promise to pay his
own debt, and was not within the statute requiring promises to
answer for the debt, default, or miscarriage of another to be in

writing : Jefferson Co. v. Slagle, 66 Pa. 202 ; Weyand v. Crich-field, 3 Gr. 113 ; Merriman v. Liggett, 1 W. N. C. 379 ; Greenough v. Eicholtz, 1 Mona. 433 ; Boston v. Farr, 148 Pa. 220 ; Holmes v. Fitzpatrick, 173 Pa. 366, are cases more or less analogous to the present in their facts, and in all of them the promisor was held liable.

The principle upon which the cases of Eshleman v. Harnish, 76 Pa. 97, and Haverly v. Mercur, 78 Pa. 257, were decided does not control the case at bar. Here there was no change of relation alleged, and no presumption to overcome, that an existing relation between the defendant and a third person continued. No debt or obligation was created until the thing was done which the defendant requested to be done, and his obligation to pay for the goods delivered upon his order and his credit was none the less binding merely because benefit might accrue to a third person. Under the facts found by the jury the defendant became the principal debtor upon compliance with the order. It was sufficient if the verdict establishing those facts was arrived at from the clear weight of the evidence as in his final instructions the learned judge told the jury it must be.

We think the counsel for the defendant mistake the meaning of the excerpt from the charge specified in the third assignment of error. The meaning plainly was that whether the defendant said : " I will see about it," or " tell Speers to let you have it," would make no difference, and that in either case the defendant would not be liable if he did not agree to pay for it. The defendant's expression, as given by the judge, was quite as favorable to the defendant's theory as the expression as given by his counsel. Neither was a strictly literal quotation of the evidence, but there can be no doubt that the jury understood from what the judge said at this time as well as from the charge taken as a whole, that if the defendant did not expressly promise to pay for the lumber he was not liable. He has no just cause to complain of the charge upon that question.

Upon the facts found by the jury this was not a guaranty but an original, unconditional undertaking to pay for the lumber, and the principle referred to in the defendant's point did not apply. It was properly refused, for the reasons given in the answer thereto.

The sixth assignment relates to remarks alleged to have been made by the plaintiff's counsel in his closing argument to the jury. As the assignment is not printed and as the facts alluded to therein were not brought upon the record in any way, we dismiss it without further comment.

All the assignments are overruled and the judgment is affirmed.