# Black & Company *v.* Barr.

*Real estate broker—Commissions—Good faith of agent—Question for jury.*

A real estate broker had found a purchaser at a price stipulated for land purported to be owned by his principal and was then referred by him to other tenants in common with whom he subsequently made terms at a higher price as to two-eighths interest owned by them, but did not disclose this to his first principal.   *Held*, there was no duty owing by the agent as to the outstanding two eighths, and it was not incumbent upon him to inform his principal, and that in a suit by a broker for his commissions against his original principal plaintiff was entitled to go to the jury upon the question of fulfillment of the terms of the original contract.

*Appeal—Compulsory nonsuit—Inference in plaintiff's motion for.*

A motion for a compulsory nonsuit necessarily implies an admission of every fact which might have been fairly found by the jury from the plaintiff's evidence.

Argued May 9, 1900.   Appeal, No. 116, April T., 1900, by plaintiff, in suit of Samuel W. Black & Company against A. J. Barr, from judgment of C. P. No. 3, Allegheny Co., May T., 1898, No. 244, on nonsuit.   Before RICE, P. J., BEAVER, OR-LADY, W. W. PORTER and W. D. PORTER, JJ.   Reversed. Opinion by BEAVER, J.   RICE, P. J., and W. D. PORTER, J., dissent.

Assumpsit to recover commissions as a real estate broker. Before KENNEDY, P. J.

It appears from the evidence that Samuel W. Black, the plaintiff, is a real estate broker, and was employed by A. J. Barr, the defendant, to make sale of property in the city of Pittsburg.

The plaintiff found a purchaser at the price and upon the terms fixed by defendant.

When plaintiff reported his success to defendant, the latter informed plaintiff that he controlled only six eighths of the property and that plaintiff must deal with the other owners as to the other two eighths.

Plaintiff then negotiated with the other owners and got their consent to the sale, but in doing so he had to sacrifice his own commission on those interests, and had also to induce the pur-

chaser to pay an additional sum to each owner of those two eighths.

A contract was drawn for the sale of the whole title at the price fixed by defendant. When defendant came to sign it he inquired of the plaintiff whether the others were getting more than at the rate he was selling, to which plaintiff replied that he must ask Mr. Schoyer, one of the other owners.. Defendant said he knew Schoyer was getting more, but nevertheless signed the contract.

Defendant thereafter refused to consummate the sale and likewise refused to pay the plaintiff his commission, on the ground that the other owners were getting a better price for their shares than was being paid for the shares controlled by defendant.

The plaintiff sued for his commission on the six eighths of the price fixed by defendant.

At the trial the learned court below directed a nonsuit on the ground that plaintiff was bound to inform the defendant of the extra price the other owners were to get.

Judgment of nonsuit which the court subsequently refused to take off. Plaintiff appealed.

*Error assigned* was refusal of the court to take off nonsuit.

*S. S. Mehard,* for appellant.—The fact that defendant did not have title to the whole of the property, or that he was for any reason unable to sell it, would not relieve him from his obligation to pay the plaintiff his commission. The right of the plaintiff to his commission on the price stipulated was perfect when he procured a purchaser for the property ready and willing to comply with the terms fixed. The title of defendant to the property or his ability to carry out the sale is irrelevant to the question of his liability to the plaintiff for his commission: Middleton v. Thompson, 163 Pa. 112; Mooney v. Elder, 56 N. Y. 238; Gonzales v. Broad, 57 Cal. 224.

The fact that the owners of the two eighths were to receive more for their shares than plaintiff agreed to take for the six eighths in which he was interested was immaterial. The transactions between the plaintiff and those owners, and between them and the purchaser all took place after the defendant's offer of the property at $65,000 had been accepted by the pur-

chaser. Hence defendant's offer was not induced in any measure by what took place between the plaintiff and the others.

*Willis F. McCook*, for appellee.—Even had his principal not asked him about the price, the very concealment of the truth has been held to be sufficient to deprive the broker of his right of compensation: Pratt v. Patterson, 112 Pa. 475.

OPINION BY BEAVER, J., July 26, 1900 :

This is an appeal from the refusal of the court below to take off a nonsuit. " In testing the correctness of the court's refusal to take off the nonsuit, the plaintiff, as in the case of judgment for defendant on demurrer to evidence, is entitled to the benefit of every fact and inference of fact which might have been fairly found by the jury or drawn by them from the evidence before them. In other words, the motion for a compulsory nonsuit necessarily implies an admission of every fact which might have been fairly found by the jury from plaintiff's evidence :" Finch v. Conrade, 154 Pa. 326, and cases there cited. The reasons for entering the nonsuit and of the refusal to take it off are not given. If, however, it was based upon the grounds set forth by the defendant in his motion therefor, it rests upon false premises.

The plaintiff's testimony, as it was presented at the trial, disclosed the following facts : Defendant employed plaintiff to sell certain real estate at a minimum price of $65,000. Plaintiff secured a purchaser for that sum and communicated the fact to the defendant. This completed the transaction and the defendant was, therefore, liable to pay to the plaintiff the stipulated agent's commission of two per cent: Clendenon v. Pancoast, 75 Pa. 213. The plaintiff's duty, as the defendant's agent, was done. His work was completed. The terms of his employment had been fully complied with. Instead of closing with the purchaser procured by the plaintiff, the defendant informed him that he controlled but six eighths of the entire property; that two several eighths were held by other parties and that he must make terms with them separately. This he finally did, agreeing to pay an increased price and forego his commission thereon. After making arrangements for the two eighths at the increased price, he returned to the defendant and presented

the agreement or receipt given in evidence in which the price agreed to be paid was set forth as $65,000. The defendant inquired what had been paid to the holders of the two eighths. Plaintiff declined to answer but referred the defendant to the owners thereof. Defendant professed to know what had been paid to the holders of the other two eighths but expressed his willingness, in view of his verbal agreement, to sign the receipt or agreement for the sale, which he did. In view of these circumstances, what duty did the plaintiff owe to the defendant? He was not his agent as to the outstanding two eighths. Was it incumbent upon him to inform the defendant as to the special agreement with the other tenants in common? He had been referred to them by the defendant and had been directed to make his own terms with them and, having done so, we cannot see that it was incumbent upon him to make known to the defendant what those terms were, particularly in view of the fact that the defendant professed to know what they were.

We would not lessen in any degree the rule which requires the utmost good faith on the part of an agent in disclosing to his principal every fact which the principal ought of right to know. In this case, however, if the plaintiff's testimony is to be believed, he was the party misled. He undertook to sell the whole of the property in question at the defendant's own price. He found a purchaser at the price stipulated and was then informed that he could not make title therefor and was referred to the other tenants in common. This is not in any sense similar to Pratt v. Patterson, 112 Pa. 475, where there was not only concealment of price but actual misrepresentation as to the name of the purchaser. There was no misrepresentation here and no actual concealment, although the price agreed to be paid for the two eighths was at a sum greater than that mentioned in the written receipt or agreement. The conversation which took place at the signing of the agreement shows conclusively that the defendant was not in any way misled; that he knew that the other tenants in common were securing a price greater than that at which he stipulated to sell and, notwithstanding that fact, signed the agreement, remarking that he had given his word to sell at $65,000, and meant to keep his word. The defendant's evidence may materially change the final aspect of the case but, upon the showing of the plaintiff, it seems to us

that he was entitled to go to the jury upon the question of his fulfillment of the terms of the original contract.

It is not necessary to consider the various questions which may arise in the further trial of the case. We only decide now that, upon the plaintiff's showing, the case should have gone to the jury.

Judgment reversed and a procedendo awarded.

RICE, P. J., and W. D. PORTER, J., dissent.

A dissenting opinion by RICE, P. J., appears on page 651.