# Black *v.* Bernheimer, Appellant.

*Appeals—Assignments of error—Admission of evidence.*

An assignment of error to the admission of evidence is fatally defective if it is not founded on an exception taken in the court below.

*Contract—Statute of frauds—Primary liability—Debt of another.*

When a promise is to be primarily and unconditionally liable for goods delivered to, or work done for a third party, the fact that the promisee parts with the goods, or does the work is a sufficient consideration to support the contract; and such an undertaking is not within the statute of frauds.

Argued Nov. 8, 1916. Appeal, No. 171, Oct. T., 1916, by defendants, from judgment of C. P. No. 4, Philadelphia Co., Sept. T., 1912, No. 5552, on verdict for plaintiff in case of Morris Black v. Leo G. Bernheimer and Joseph H. Sundheim, trading as Bernheimer & Sundheim. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, KEPHART, TREXLER and WILLIAMS, JJ. Affirmed. .

Assumpsit for work done and material furnished. Before AUDENRIED, P. J.

The facts are stated in the opinion of the Superior Court.

Verdict and judgment for plaintiff for $466.73. Defendant appealed.

*Error assigned* was in refusing defendant's motion for judgment n. o. v.

*Peter M. MacLaren,* for appellants.—The plaintiff has failed to prove an absolute contractual liability of the defendants to him: Maule v. Bucknell, 50 Pa. 39; Smith v. Whildin, 10 Pa. 39; Spayd's Est., 33 Pa. C. C. R. 63; Wimer v. Worth Twp., 104 Pa. 317.

What degree of clearness is required to prove an oral promise to pay a debt for which another was primarily liable appears from the following case: Stouffer v. Jackson, 42 Pa. Superior Ct. 450.

The contract is within the statute of frauds: Shoemaker v. King, 40 Pa. 107; Maule v. Bucknell, 50 Pa. 39; Dougherty v. Bash, 167 Pa. 429; Riland v. Schaeffer, 45 Pa. Superior Ct. 636; Gheen's Est., 7 W. N. C. 66; Lewis v. Lewis Lumber Mfg. Co., 156 Pa. 217; Gable v. Grayhill, 1 Pa. Superior Ct. 29; Stouffer v. Jackson, 42 Pa. Superior Ct. 450; Connor v. Stewart, 55 Pa. Superior Ct. 381.

*S. G. Birnie,* for appellee.—The oral obligation sued upon is not within the statute of frauds: Nugent v. Wolfe, 111 Pa. 471.

OPINION BY PORTER, J., March 13, 1917:

The plaintiff brought this action to recover of the defendants the amount of his bill for work done and materials furnished in and about the repair of a building which had been damaged by fire. He recovered a judgment for the amount of his claim in the court below and the defendants appeal. The first specification, which alleges error "in admitting as evidence in the case the testimony of Nathan Ignatin," is fatally defective in that it is not founded on any exception taken in the court below. There is no suggestion that the witness was incompetent and there is nothing in the case to so indicate. If it was the intention by this specification to assert that any part of his testimony was irrelevant or immaterial, that part should have been printed in the paper book in connection

41, (1917).]    Opinion of the Court.

with the specification, and the ruling of the court and exception thereto, under which the testimony was admitted. This specification must be disregarded.

The remaining specifications raise but a single question, viz: Were the defendants entitled to binding instructions in the court below? The learned counsel for the appellants has in his brief very interestingly discussed several questions, but we can only consider those questions which can, under any reasonable construction of the pleadings and evidence, be held to have been raised in the court below. When the learned judge came to instruct the jury there was but one question of law presented for his consideration, to wit, was there any sufficient evidence of a contract or agreement, not within the statute of frauds, that these defendants would pay for the work for which the plaintiff asserted they were liable? The property upon which the work was done was No. 425 Monroe street, in the City of Philadelphia, the owner of which was Mrs. Annie Rittenberg, whose husband was Frank Rittenberg. The plaintiff had by direction of Frank Rittenberg done certain work on the building, which work was completed in April, 1912. He rendered a bill for that work to Rittenberg, who O. K.'d the bill and told him to go to the defendants and get his money. In May he took the bill to the defendants, who, on May 24, 1912, paid it. The work on the building had not then been completed, but this plaintiff had then no contract or agreement with any person to do any further work, although he had submitted an estimate of what it would cost to do the work for which he now seeks to recover. The plaintiff testified that at the time the defendant firm paid this bill his conversation was with Mr. Bernheimer, of the defendant firm. He testified that Mr. Bernheimer said, "We will pay you for all the work you did and you will do at No. 425 Monroe street, but we will not pay you if you do any work any other place and charge to us," and, also, "What work you will do at No. 425 Monroe street for Rittenberg or Ignatin, we will

pay you for." He further testified that some time after this, in July following, the work on the repairs of the building not being completed, he was directed by Rittenberg and Ignatin, the latter being the foreman in charge of the work, to do the work for which he now seeks to recover of the defendants, and did it. There is no dispute as to what the work was worth. The testimony of the plaintiff was to some extent corroborated by that of the witness, Bryan, who said that he was present, in the office of Mr. Bernheimer, and heard the latter say to the plaintiff, "Don't worry about the money, we got the money, all work you do on Monroe street we will pay you." The testimony produced by the plaintiff disclosed no contract or promise by any party other than these defendants to pay for the work for which the plaintiff here seeks to recover. It disclosed nothing which would have given him a right of action against Frank Rittenberg or Ignatin. There was no evidence on either side of the case that this plaintiff had ever met or in any manner communicated with Annie Rittenberg, the owner of the property. If this evidence was true the claim of the plaintiff was not the debt of any other party, to which liability the promise of these defendants to pay could be held to be collateral. The consideration for the promise of the defendants to pay did not, it is true, move directly from the plaintiff to the defendants, for the property upon which the work was done belonged to Annie Rittenberg. But when a promise is to be primarily and unconditionally liable for goods delivered to or work done for a third party, the fact that the promisee parts with the goods or does the work is a sufficient consideration to support the contract. "If one says to another, 'Deliver goods to A. and I will pay you,' the verbal promise is binding, because A., though he receives the goods, is not responsible to the party who furnishes them. But, if instead of saying, 'I will pay you,' he says, 'I will see you paid,' or 'I will pay you if he does not,' or says words equivalent thereto, showing that the debt is, in the first instance,

41, (1917).]          Opinion of the Court.

the debt of A., the undertaking is collateral, and not valid unless in writing": Nugent v. Wolfe, 111 Pa. 471. If the testimony of the plaintiff and his witnesses was true the defendants were primarily liable for. the claim of the plaintiff, the debt was their own and not that of another, and their promise to pay was not within the statute of frauds. That testimony was all directly contradicted by the defendants and a number of witnesses called in their behalf, the weight of the evidence may have been against the plaintiff, but the court could not, as matter of law, charge the jury that the plaintiff was not entitled to recover. The case was, therefore, one which must be submitted to the jury. The specifications of error are overruled.

The judgment is affirmed.