# Lieberman et al. *v.* Colahan, Appellant.

*Brokers—Real estate brokers—Commissions—Failure to consummate sale—Agreement by attorney to pay commissions—Statute of frauds—Act of April 26, 1855, P. L. 308.*

1. In the ordinary case of a real estate broker procuring a customer with whom the owner of the real estate is willing to contract, the commission is earned without reference to the outcome of the sale.

2. One having charge of real estate as attorney, may, by special parol agreement, obligate himself personally to pay a broker's commission for its sale, provided such agreement is original and not collateral to a primary obligation by or on behalf of the owner. Such an agreement is not within the statute of frauds.

3. In an action against an attorney-at-law to recover commissions on sale of real estate, the case is for the jury, and judgment on verdict for plaintiff will be sustained, where the evidence for the plaintiff, although contradicted by defendant, was in effect that defendant individually contracted with them, and as such promised to pay the commission without disclosing an agency; that the first intimation they had that he was acting for another was when he signed his principal's name to the agreement of sale; and that he then said: "Well, we made this sale for the purpose of making title, you can look to me for the commission."

*Practice, C. P.—Trial—Mistake of statements of fact in charge —Duty of counsel to call attention to misstatements by trial judge —Waiver—Statute of frauds—Necessity to plead—Act of May 14, 1915, P. L. 483.*

4. Where the trial judge makes mistakes in his charge as to matters which are essentially matters of fact, and the judge's attention is not called to them until after verdict, they afford no ground for reversal.

5. A party may not sit silent and take his chances of a verdict, and then, if it be adverse, complain of a matter which, if an error, would have been immediately rectified and made harmless.

6. Not decided whether the statute of frauds can be interposed as a defense without being specially pleaded under the Practice Act of May 14, 1915, P. L. 483.

Argued March 26, 1920.   Appeal, No. 269, Jan. T., 1920, by defendant, from judgment of C. P. No. 3, Phila. Co., June T., 1918, No. 469, on verdict for plaintiffs, in case of Albert M. Lieberman and Joseph Langman v. J. B. Colahan, 3rd.   Before MOSCHZISKER, FRAZER, WALLING, SIMPSON and KEPHART, JJ.   Affirmed.

Assumpsit for commissions on sale of real estate.   Before FERGUSON, J.

The opinion of the Supreme Court states the facts.

The court charged in part as follows:

"It is possible that even in cases of that sort, the agent would be responsible, and it is possible that you might view it, depending on how you find the facts, that Mr. Colahan, even though he did disclose for whom he was acting, might be responsible personally for the commission, because, as I said before, the title at the time the negotiations were made was apparently in him. There had been a sheriff's sale, and the title would be transferred to whomever the parties agreed upon. Under those circumstances it might be that negotiations were on with Mr. Colahan and he might have said to them, 'While I do represent these people, yet they are really not the owners in fact up to the present time, and you will look to me for your commission.' Under those circumstances he might be held bound."

Verdict and judgment for plaintiffs for $1,650.   Defendant appealed.

*Error assigned* was portion of charge as above, quoting it.

*T. R. White,* with him *John C. Hinckley,* for appellant.—The court erred in charging the jury that plaintiffs might recover on defendant's oral contract to be responsible for commissions in the sale of his client's real estate, even though he disclosed for whom he was acting: Stouffer v. Jackson, 42 Pa. Superior Ct. 450; Connor v. Stewart, 55 Pa. Superior Ct. 381; Lewis v. Lewis Lumber Co., 156 Pa. 217; Rancil v. Krohne, 31 Pa. Superior Ct. 130; Gable v. Graybill, 1 Pa. Superior Ct. 29; Putnam Machine Co. v. Cann & Saul, 173 Pa. 392; Berry v. Brown, 107 N. Y. 659.

*Morris Wolf,* with him *Horace Stern,* for appellees.—The statute of frauds has nothing to do with this case: Smith v. McKenna, 53 Pa. 151; Jefferson v. Slagle, 66 Pa. 202; Booth v. Heist, 94 Pa. 177; Watson v. Porzel, 158 Pa. 513; Spears v. Knarr, 4 Pa. Superior Ct. 80; Kaufman v. Abeles, 11 Pa. Superior Ct. 616; Black v. Bernheimer, 66 Pa. Superior Ct. 41.

OPINION BY MR. JUSTICE WALLING, April 12, 1920:

This action is for commission on sale of real estate. Plaintiffs are real estate brokers and defendant is a practicing attorney. The property, known as Nos. 731-733 Arch street, Philadelphia, was owned by the First National Bank of Camden, N. J., of which defendant was attorney, and the title to the property stood in his name as trustee prior to 1918, when it was sold by the sheriff, to perfect the title, and bid in by defendant as attorney. The sheriff retained the deed with the understanding that it would be made direct to whoever might be decided upon, or whoever might become the real purchaser, as the property was for sale. Meantime, plaintiffs and defendant negotiated with reference to the former finding a purchaser for it, at the price of $75,000, when they were to receive a commission of two per cent, amounting to $1,500. They procured a purchaser, named Silberman, with whom defendant, as attorney for the bank's

president, David Baird, entered into a written agreement for the sale of the property. Later, for reasons not here important, the sale to Silberman was not consummated and he forfeited the $1,000 paid as hand money. On defendant's refusal to pay the commission, plaintiffs brought this suit. The case turned largely on questions of fact, as to which the evidence was conflicting, and the jury found for plaintiffs. This appeal by defendant is from judgment entered upon the verdict.

There is nothing in the record to justify a reversal. Plaintiffs' evidence is to the effect that defendant individually contracted with them and as such promised to pay the commission, without disclosing an agency, and the first intimation they had that he was acting for another was when he signed Baird's name to the Silberman agreement by himself as attorney, and that he then said, "Well, we made this sale [by the sheriff] for the purpose of making title; you can look to me for the commission." On the contrary defendant contends that plaintiffs knew of his agency from the first and that he contracted with them as such; if so, he would not be individually liable, but that was a question of fact.

He further contends that by the terms of their agreement the commission was not earned until the prospective purchaser accepted and paid for the property; this plaintiffs deny, and it was also a question of fact. If, as they contend, it was the ordinary case of procuring a customer with whom defendant was willing to contract, and the jury so found, then the commission was earned without reference to the final outcome of the sale: Nock v. Guthrie, 239 Pa. 317; Hipple v. Laird, 189 Pa. 472; Keys v. Johnson, 68 Pa. 42; Clendenon v. Pancoast, 75 Pa. 213; Holmes v. Neafie & Levy, 151 Pa. 392.

According to plaintiffs' contention defendant's promise to pay the commission was an original undertaking, and, if so, it would not come within the statute of frauds which requires that a special promise to an-

swer for the debt or default of another be in writing and signed by the party to be charged therewith: Act of April 26, 1855, P. L. 308; Stewart's Purdon, vol. 2, p. 1759. At the time the commission here in question was arranged for, there was no debt of another in existence, so the parties were free to make such a contract as they saw fit, and defendant could charge the liability upon himself or his client. A man may by parol contract render himself liable, as original debtor, for work done upon the property of another: Pizzi v. Nardello, 209 Pa. 1; Watson et al. v. Porzel et al., Exrs., 158 Pa. 513; Fehlinger v. Wood, 134 Pa. 517; Jefferson Co. v. Slagle, 66 Pa. 202; Smith v. McKenna, 53 Pa. 151; Black v. Bernheimer, 66 Pa. Superior Ct. 41; Speers v. Knarr, 4 Pa. Superior Ct. 80. So one, having charge of real estate as attorney, may by special parol agreement obligate himself personally to pay a broker's commission for its sale, provided such agreement is original and not collateral to a primary obligation created by or on behalf of the owner. Here, according to plaintiffs' contention, there was no original contract with or on behalf of the owner. The correctness of such contention was for the jury; it found some support in the affidavit of defense which admitted the contract as set out in plaintiffs' statement; although such admission was withdrawn in an amended affidavit.

The case was manifestly for the jury; in fact, there was no request to take it from them; and the only error assigned is to a portion of the charge, wherein certain alleged misstatements are called to our attention. True, when the agreement was made as to the commission the sheriff's deed had not been delivered, so it was incorrect for the trial judge to state in the charge that the title was then apparently in defendant, as also may have been the suggestion that the defendant's client was not then the real owner of the property; but as those were essentially matters of fact, and the judge's attention was not called thereto until after verdict, they afford no

ground for reversal. "A party may not sit silent and take his chances of a verdict, and then if it be adverse, complain of a matter which if an error would have been immediately rectified and made harmless": Com. v. Razmus, 210 Pa. 609; Reznor Mfg. Co. v. Bessemer & Lake Erie R. R. Co., 233 Pa. 369; Lerch v. Hershey Transit Co., 255 Pa. 190, 195; Com. v. Delfino, 259 Pa. 272. Moreover, the actual ownership of the property was not important nor in dispute, for the controlling questions were as to whether under the terms of the contract the commission was earned, and, if so, whether defendant personally and as an original undertaking agreed to pay it.

The question suggested by appellees, as to whether under the Practice Act of 1915, P. L. 483, the statute of frauds can be interposed as a defense without being specially pleaded, is interesting but not necessary to a decision of this case.

The assignments of error are overruled and the judgment is affirmed.