# Margulis v. Knoell & Knoell, Appellants.

*Real estate—Sales—Commissions—Joint premises—Liability.*

An action will lie against two defendants jointly for the recovery of commissions for the sale of real estate under a special contract, where the evidence is sufficient to sustain a finding that the defendants had jointly promised to pay the plaintiff a certain sum, if he obtained a purchaser for a piece of property.

There was no necessity that there should be proof of joint ownership by the defendants of the real estate in question. If they

agreed jointly to pay a stated compensation, provided the plaintiff secured a purchaser for the property at a fixed price and he complied with the condition, they were liable whether the real estate belonged to either or both.

When the plaintiff secured a purchaser who was ready and willing to buy the property, he had carried out his part of the contract and was entitled to his commission. The fact that the defendants did not complete a verbal agreement for the sale of the real estate did not affect the plaintiff's right to compensation for his services.

Argued October 12, 1920.    Appeal, No. 101, Oct. T., 1920, by defendants, from the judgment of the Municipal Court of Philadelphia, Aug. T., 1919, No. 268, on verdict for the plaintiff in the case of David Margulis v. John Knoell and George Knoell. Before ORLADY, P. J., PORTER, HENDERSON, TREXLER, KELLER and LINN, JJ. Affirmed.

Assumpsit for commissions for the sale of real estate. Before KNOWLES, J.

The opinion of the Superior Court states the case.

Verdict for the plaintiff for $312 and judgment thereon. Defendants appealed.

*Errors assigned* were answers to points and refusal of defendants' motion for judgment non obstante veredicto.

*Abraham Friedman,* and with him *Bernard A. Illoway* and *Harry Felix,* for appellants.—A joint action could be maintained by the plaintiff, only if the defendants were jointly liable, and there must be sufficient proof of a joint promise or undertaking: Rowan v. Rowan, 29 Pa. 181, 183; Corbet v. Evans, 25 Pa. 310; Locke v. Daugherty, 43 Pa. 88; Wolff v. Wilson, 28 Pa. Superior Ct. 511, 517, 518.

*Abraham Wernick,* of *Evans, Forster & Wernick,* for appellees, cited: Leiberman v. Colahan, 267 Pa. 102;

Smith v. Machesney, 238 Pa. 542; Walker v. Tupper, 152
Pa. 1; Sopp v. Winpenny, 68 Pa. 78; McCanna v. John-
ston, 19 Pa. 434; Hinski v. Stein, 68 Pa. Superior Ct.
441.

OPINION BY KELLER, J., December 10, 1920:

The action was in assumpsit. The statement of claim
averred that the defendants promised to pay plaintiff
$300 if he would obtain a purchaser for certain real
estate at the price of $12,000; that he procured such
purchaser, who paid $100 down money and stood ready
to complete the purchase, but that defendants used said
transaction to induce the tenant in possession to buy
said premises and refused to sell to the purchaser whom
plaintiff had obtained or to pay him the agreed compen-
sation for his services. The jury rendered a verdict for
the plaintiff for the full amount of his claim.

The assignments of error raise three questions.

1. The appellants contend there can be no recovery in
this action because there was no joint promise by them.
The trial judge left the question whether there was a
joint promise by the defendants to the jury and covered
the matter clearly and explicitly in his charge. If
there was any evidence to sustain the verdict in this
regard, it should not be disturbed. We have examined
the testimony and are satisfied there was evidence,
which, if believed, was sufficient to sustain a finding
that the defendants had jointly promised to pay the
plaintiff $300 if he secured a purchaser for the real es-
tate at $12,000.

2. The second ground for reversal urged is that there
was no proof of joint ownership of the real estate by the
defendants. There did not have to be. If these defend-
ants jointly agreed to pay a stated compensation pro-
vided plaintiff secured a purchaser of real estate at a
fixed price and he complied with the condition, they are
liable whether the real estate belonged to either or both.
Even an agent in charge of real estate may personally

obligate himself to pay a broker's commission for its sale if such agreement is original and not collateral to a primary obligation by or on behalf of the owner: Lieberman v. Colahan, 267 Pa. 102.

3. The third reason advanced by the appellants is that the purchaser secured by plaintiff never actually signed a written agreement of sale. The evidence shows that he was ready and willing to sign such an agreement and that he was prevented from doing so only by the defendants' refusal to carry out the verbal agreement. The plaintiff's compensation was earned when he complied with the condition on which it was based. Whether the purchaser he secured could compel specific performance of the contract has no bearing on the plaintiff's right to compensation.

The assignments of error are all overruled and the judgment is affirmed.