Sechler *v.* Baughman et al., Appellants.

Argued October 9, 1929.

Before PORTER, P. J., TREXLER, KELLER,

Linn, Gawthrop, Cunningham and Baldrige, JJ.

*George Gurdon Fay,* and with him *Frank A. Chalmers,* for appellant, cited: Bayard v. Penn. Knitting Mills, 290 Pa. 79; Putnam Machinery Co. v. Cann & Saul, 173 Pa. 392.

*Gilbert J. Kraus,* of *Monaghan, Levinthal, Schofield & Kraus,* for appellee, cited: Black v. Bernheimer, 66 Pa. Superior Ct. 41; Lieberman v. Colahan, 267 Pa. 102.

Opinion by Keller, J., February 28, 1930:

This was an action by an attorney for professional services. The evidence on the trial restricted the claim to two general items, (1) services in the case of Wurst v. Baughman; (2) services rendered the Streets of Canton, Inc., under employment by the defendants. The balance claimed to be due under the first item, $125, was admitted; the claim on the second item was contested on the ground that the statute of frauds prevented its enforcement.

The Streets of Canton, Inc., was a corporation organized by the defendants to promote amusement schemes at the Philadelphia Sesqui-Centennial in 1926. The stock was practically all owned by the defendants;

John S. Baughman was its president, and Florence Baughman, its secretary and treasurer. It got into various disputes and difficulties, during the course of which litigation was brought or threatened, and the defendants personally employed plaintiff to defend the corporation as respects these matters, and agreed to pay him for his services in connection therewith, and the services in suit were performed pursuant to such employment. Three hundred and twenty-five dollars had been paid by them on account, leaving the balance claimed unpaid. As the verdict was in plaintiff's favor we have stated the case in the view of the evidence most favorable to him. He gave as the reason for his employment by the defendants, instead of by the corporation, that the Streets of Canton was a small corporation formed for a temporary purpose, and that he refused to act in the premises until the defendants personally employed him and promised to pay his fees in connection with such employment.

If the plaintiff's story of the employment was true the Statute of Frauds had nothing to do with the case. While it is true that the promise of a stockholder to *indemnify a creditor* of the corporation is within the statute (Bayard v. Pennsylvania Knitting Mills Corp., 290 Pa. 79), the principle has no application where the stockholder, acting as an individual, purchases goods for the corporation, orders work done for it, or employs the professional services of an attorney on its behalf. In such cases the seller of the goods, the contractor doing the work, or the attorney, as the case may be, is not a creditor of the *corporation* but of the *stockholder,* and the contract does not have to be reduced to writing and signed by the party to be charged in order to support an action against him; there is no debt or default on the part of the corporation but only the individual obligation of the stockholder buying the goods, ordering the work, or employing the attorney: Black v. Bernheimer, 66 Pa. Superior Ct. 41; Lieber-

man v. Colahan, 267 Pa. 102; Speers v. Knarr, 4 Pa. Superior Ct. 80; Booth v. Heist, 94 Pa. 177; Watson v. Porzel, 158 Pa. 513; Smith v. McKenna, 53 Pa. 151.

As the case was presented in the pleadings and tried in the court below it raised issues of fact which were for the determination of the jury. These issues were submitted by the judge to the jury in language which was clear and easily understandable by a layman. That the instructions were not couched in legal phraseology is not a defect or ground for reversal.

The assignments of error are overruled and the judgment is affirmed.