## Moore *against* Shelly.

If the vendee of land discover, before he has paid the consideration money or any part of it, that the property is subject to an incumbrance which the vendor cannot discharge, he has a right to insist upon rescinding the contract, and may refuse to pay for it, or to do any act towards carrying it into execution.

ERROR to the common pleas of *Schuylkill* county.

Gaius Moore, the plaintiff in error, who was also the plaintiff below, brought this action in the court of common pleas of Schuylkill county, against Joseph Shelly, the defendant, to recover damages on account of his having refused to perform his covenants made with the plaintiff, according to certain articles of agreement mutually sealed and delivered between them, on the 4th day of February 1832. By the articles of agreement the plaintiff, for the consideration of 3700 dollars, to be paid by the defendant in the manner therein mentioned, did covenant with the defendant, that he would " well and *sufficiently* grant, sell, release and *convey* to the said Joseph Shelly, his heirs or assigns, or to whom he should appoint or direct, a house and lot of ground situated in the town of Pottsville, then occupied by the plaintiff, and to give to him possession thereof, on the 1st day of April then next ensuing : 100 dollars of the purchase money was to be paid in repairing boats in the course of the next summer following, and 1900 dollars thereof in canal boats, to be delivered at different times fixed on in the agreement, between the day of making it and the 1st day of January then next ensuing, when the last of the boats, with which the 1900 dollars were to be paid, was to be delivered ; and upon the delivery of which the plaintiff was to make to the defendant a deed of *conveyance for the* house and lot. The balance of the purchase money, being 1700 dollars, was to be paid in money, and secured by a bond from the defendant to the plaintiff, accompanied by a mortgage upon the property, payable in five years, with interest, from the time of making the agreement.

On the 1st of April following, the date of the agreement, the plaintiff offered to give the defendant the possession of the house and lot; but he refused to receive it, and refused likewise to perform any of the agreement between them, without assigning any reason for his determination not to comply with it. Anterior, however, to the making of the agreement, the plaintiff had given two mortgages upon the house and lot, one to secure the payment of 1000 dollars on the 8th of January 1839, with interest thereon, and the second for the payment of 700 dollars, to be paid on the 4th of November 1839, with interest thereon, payable semi-annually. Both of these mort-

gages were registered before the time of making the agreement, but it did not appear that the defendant had any notice of their existence at that time.

The court below charged the jury that the plaintiff could not sustain this suit, and that their verdict ought to be for the defendant, which was accordingly given. To this charge of the court the plaintiff excepted.

*Farquhar* and *Bannon*, for plaintiff in error, cited, 1 *Saund.* 328, in note; Robb *v.* Montgomery, 20 *Johns. Rep.* 19; Greenby *v.* Cheevers, 9 *Johns. Rep.* 126; 1 *Chit. Pl.* 109; 3 *Wash. C. C. Rep.* 714; Negley *v.* Stewart, 10 *Serg. & Rawle* 207; Edgar *v.* Bois, 11 *Serg. & Rawle* 450.

*Loeser*, for defendant in error, cited, Judson *v.* Wass, 11 *Johns. Rep.* 525; *Sug. Vend.* 206, 243; Tucker *v.* Woods, 12 *Johns. Rep.* 190; Hampton *v.* Speckenagle, 9 *Serg. & Rawle* 212; Funk *v.* Voneida, 11 *Serg. & Rawle* 109.

The opinion of the Court was delivered by

KENNEDY, J.—I take it to be well settled, that the situation of a party who enters into an agreement for the sale of real estate, and binds himself to make an indefeasible title for it to the purchaser at a given day, must be such as to show that he has it in his power to do so. If there be incumbrances upon it at the time of the agreement, but such in their nature as the vendor can remove at his own will and pleasure by the time that he has bound himself to make the title to the purchaser for the property clear of incumbrances; and the purchase money, or a portion of it, becomes payable during the interim: they will not, unless fraud should appear to have been practised by the vendor, be a sufficient objection to the payment of the money. I do not, however, consider the circumstance of its not appearing that the vendor, either at or before the time of making the agreement, informed the vendee of the incumbrances, where they are upon record, sufficient evidence of fraud to set the contract aside. And, on the other hand again, it is possible that their being on record may not be sufficient to affect the defendant to the same extent, in all cases, that notice, *in fact*, of their existence would do; but certainly their registry is not sufficient to deprive him of relief, where they are such as cannot be removed by the vendor, or plaintiff, by the mere exercise of his own will and power, within the time that he is bound to make an indefeasible title, to the purchaser, for the property. If the vendee discovers, before he has paid the consideration, or any part of it, that the property is under incumbrances which the vendor cannot discharge, he has a right to insist upon rescinding the contract, and therefore may refuse to pay for it, or to do any thing on his part towards carrying it into execution. This doctrine is fully established by the case of Jackson *v.* Hasbrouck,

II.—HH

12 *Johns. Rep.* 190, where the court say, " the proof in the case shows conclusively that the property to be conveyed by the plaintiff to the defendant was under lease, and that the time would not expire until long *after* the bargain between those parties was to have been *consummated,* and this brings it within the principle decided by this court in Judson v. Wass, 11 *Johns. Rep.* 525. In this latter case, some land was sold to the defendant at auction, and the terms of sale subscribed by him. The land was subject to a mortgage that was registered, but not payable until after the time when the defendant was to pay part of the purchase money, to receive a deed of conveyance with general warranty, and to secure the residue of the purchase money by bond and mortgage : and the court held, and say, " that as the plaintiff was not in a situation to convey a title, the defendant was not bound to perform the agreement on his part." So in the case of Hampton v. Speckenagle, 9 *Serg. & Rawle* 222, it was ruled by this court that though, before the day for making the deed of conveyance, the vendee denied that he made the purchase, yet if the land is subject to incumbrances *not declared* at the time of the sale, the vendor must satisfy the jury, beyond all doubt, that he would and could have removed the incumbrances, or he was not entitled to recover damages.

Now in the case before us the plaintiff covenanted with the defendant " well and *sufficiently* to grant, release and convey," in other words, to make an indefeasible title to the defendant for the house and lot, on the 1st of January 1833, when the last boat was delivered, which was upwards of six years before the two mortgages upon the property were to become payable. They will not become payable until more than two years after the time when the defendant was to pay the 1700 dollars, the last of the purchase money. It was not in the power of the plaintiff to discharge these mortgages before they, according to their terms, became payable ; a tender of the money by him to the mortgagees beforehand, would have availed nothing, if they declined receiving it. For, before the days of payment mentioned in the mortgages respectively shall come round, the mortgagees are not bound to receive the money. Without their consent or agreement then to receive the mortgage money before the time at which the plaintiff in this case had bound himself by the agreement to make an indefeasible title to the defendant for the property, it was impossible that he could perform his engagement in this particular. He was entirely at the will of the mortgagees, and had not the capacity, of himself, to make an indefeasible title for the property to the defendant at the time appointed. And although the covenants in the articles of agreement between the parties may be considered, in part, at least mutual and independent, yet it is manifest the defendant bargained for an indefeasible title to the property, to be made to him by a certain time ; and the plaintiff, by his covenant to make the deed, virtually covenanted also that he had sufficient capacity and right to enable him to make such a title at the

time agreed on. This must be considered the moving consideration which led the defendant to bind himself to pay for the property, but this consideration having failed, or it having been made to appear that the plaintiff is without the capacity to perform his agreement with the defendant, it would be repugnant to the first principles of equity and natural justice to permit the plaintiff to take from the defendant his money or his property, when he has not the ability to make the defendant the promised return for it, within, or at the time fixed on for that purpose. This case is not like the case of Greenby *v.* Cheevers, 9 *Johns. Rep.* 127, which has been relied on in the argument by the counsel of the plaintiff in error. There the outstanding mortgage was, by its terms, payable *before* the deed of conveyance was to be executed by the vendor to the vendee; and upon this ground it was, that the court held that the vendee was bound to pay that portion of the purchase money which fell due before the time for making the deed of conveyance came around, notwithstanding the mortgage was still in full force.

The judgment is affirmed.