## Nock *v.* Guthrie, Appellant.

*Contracts—Commissions for sale of realty—Evidence—Charge of court—Practice Supreme Court—Exceptions—Question involved.*

1. A real estate broker who undertakes to procure a buyer for certain real estate at a fixed compensation earns his commissions if he brings the buyer and seller together, and procures the execution of a contract of purchase and sale, and such right cannot be defeated by the failure of the seller to consummate the transaction through his own fault.

2. Where counsel took no exception to the charge of the court and did not include in his statement of questions involved the points raised by him in connection·therewith, assignments to the charge will not be considered.

3. Where in an action to recover commissions for sale of real estate plaintiff produced testimony showing that he made an oral contract with defendant that he was to be paid a compensation of three thousand dollars for effecting the sale of certain real estate, and that the sale failed through the voluntary act of the defendant in refusing, to consummate it, the case was for the jury and a verdict and judgment in favor of the plaintiff will be sustained, notwithstanding defendant's denial that the contract was made as contended.

Argued Jan. 8, 1913.   Appeal, No. 243, Jan. T., 1912, by defendant, from judgment of C. P. No. 1, Philadelphia Co., March T., 1911, No. 250, on verdict in favor of the plaintiff in case of Elbridge E. Nock, to use of E. Witherden Nock v. D. Clinton Guthrie.   Before FELL, C. J., BROWN, MESTREZAT, POTTER, STEWART and MOSCHZISKER, JJ.   Affirmed.

Assumpsit to recover commissions for the sale of real property.   Before KINSEY, J.

The facts are stated in the opinion of the Supreme Court. ·

From the record it appeared that the following testimony was admitted over the objection of defendant.

In the re-examination of a witness for the plaintiff:

Q. At the time you sat in the drug store and made your agreement with Dr. Guthrie as to the amount of the commission, were there any conditions attached to the payment of that commission?

(Objected to.   Objection overruled.   Exception for defendant.)

A. No sir, there was no condition whatever.   He was to pay us $3,000.00 for the sale of these properties.

Q. Was anything said by the doctor at that time that it was dependent upon the settlement being made under the agreement?

(Objected to.   Objection overruled.   Exception for defendant.)

A. No sir, none whatever.   [1]

Upon cross-examination of defendant:

Q. About the 20th of September Mr. Nock reported to you that Mr. Miller wanted an extension of time on the 19 S. 60th street agreement?

(Objected to as irrelevant.)

Mr. Folz: I propose to follow it up as I have indicated.

Court: I will permit the question, but if it falls, all this testimony falls with it.

(Exception for defendant.)

A. Miller came to my office sometime in August and in the course of the conversation then and there Mr. Miller learned that I was only receiving $59,000.00 when the agreement called for $62,000.00.   Then and there Mr. Miller said the deal was off.   I will not settle for the property and he demanded back his $2,000.00.   It was later on he came to me and asked for an extension of time on sale at 19 S. 60th street.   [2]

Upon examination of a witness for the plaintiff in rebuttal:

Q. After these properties had been bought by Mr. Miller and Mr. O'Farrell acting together, did you have any further connection with these properties?

(Objected to.)

The Witness: Yes, I did.

(Objection overruled. Exception for defendant.)

Q. (Question repeated.)

A. Immediately after closing the agreement Mr. Vincent O'Farrell and Mr. Morris L. Miller said, "Now, Mr. Nock, I want you to get busy and sell these properties."
[3]

The jury rendered a verdict in favor of the plaintiff for $3,315.00.

Defendant subsequently made a motion for judgment n. o. v. which was overruled and judgment was entered on the verdict. Defendant appealed.

*Errors assigned* were, inter alia, the admission of evidence above quoted (1-3), and the action of the court in charging the jury in certain particulars.

*Julius C. Levi,* for appellant.

*Stanley Folz,* with him *Leon H. Folz,* for appellee.

OPINION BY MR. JUSTICE POTTER, February 24, 1913:

In this case, the plaintiff, a real estate broker, sought to recover compensation for effecting the sale of certain real estate. He alleged that the amount of his compensation was fixed at $3,000 by an oral agreement made prior to the contract of sale of the property, which he negotiated. The defendant denied making an oral agreement for compensation, and contended that the agreement for compensation was conditioned upon the title being passed, and the settlement actually made. The testimony at the trial was contradictory, but evidence was offered tending to show that the sale failed of consummation by reason of the defendant's fault. The disputed questions of fact were submitted to the jury, and the verdict was for the plaintiff. Counsel for appellant complains in his eighth and ninth assignments of error

of the admission of certain testimony as being irrelevant. It appears, however, that it was in part at least in direct denial of any condition being attached to the agreement for the payment of commission, and the reference to the extension of time for settlement in the sale of adjacent property seems to have been by way of explanation for the meeting between the defendant and one of the purchasers, who was also one of the proposed purchasers in this case. Viewed in this light the testimony was relevant, and we see no error in its admission. Counsel for appellant also contends that the trial judge erred by assuming in his charge that an oral contract was made, and in leaving to the jury only the question of its subsequent modification. But we do not so read the charge. The trial judge reminded the jury that the oral agreement was a matter of serious dispute between the parties, and that the question whether or not it was made was for them to determine. The contention of the defendant that the commission was not to be paid until title was taken by the buyers was clearly set forth, and this after all was the real and substantial dispute between the parties. The plaintiff contended that when he brought the seller and the purchaser together, and procured the execution of a contract of purchase and sale, his commission was earned, and his right to it was not defeated by the failure of the defendant to consummate the transaction, through his own fault. Furthermore, counsel took no exception to the charge, and the eight points which he submitted to the court were affirmed. The subject matter of the first six assignments of error all relates to the affirmance of plaintiff's points for charge. It has not been included by counsel in his statement of the questions involved, nor has it been pressed in the argument. These assignment will not therefore be considered.

The judgment is affirmed.