Simon *v.* Reiter, Appellant.

Argued October 6, 1953. Before RHODES, P. J., HIRT, RENO, ROSS, GUNTHER, WRIGHT and WOODSIDE, JJ.

*Robert Boyd, Jr.,* for appellants.

*Samuel B. Brenner,* for appellee.

OPINION BY WOODSIDE, J., March 16, 1954:

This is an action in assumpsit brought by Charles Simon, trading as A.B.C. Business Brokers, to recover from Nicholas Reiter and Barbara Reiter, a broker's commission earned by procuring a purchaser for a property owned by the defendants. Following the presentation of points for charge the trial judge issued binding instructions to the jury which returned a verdict for the plaintiff in the sum of $2500. The court en banc denied defendants' motions for judgment non obstante veredicto and for a new trial. Judgment was entered for the amount found by the jury and from this judgment the defendants appealed.

The following facts are not in dispute. The appellants were owners of premises and a taproom business at 5901 Augusta Street, Philadelphia. The appellee obtained a purchaser for the property and on July 14, 1948, had an agreement of sale executed by the appellants and the purchaser.

The agreement of sale provided inter alia: "It is understood that a commission of 5% (five percent) be paid to the A.B.C. Business Brokers by the Seller.

\* \* \* \*

"IT IS UNDERSTOOD that A B C BUSINESS BROKERS is acting as Agent only and will in no case whatsoever be liable to either party for the performance of any term or covenant of this agreement, or for damages for non-performance thereof.

\* \* \* \*

"THE PARTIES HERETO waive all representation and warranties expressed or implied, the written terms of this contract herein contained embody all the terms of this contract."

It was agreed by the purchaser and appellants that the terms of the purchase money mortgage would be decided at a later date, although the interest rate was set at 5%.

In accordance with the written agreement the purchasers gave the appellants a deposit of $1000 on the day the agreement was executed, and an additional deposit of $3000 on July 26, 1948. Both of these payments were received and accepted by the defendants.

On August 2, 1948 the defendants, through their attorney, returned these deposits to the buyers, indicating that the defendants "were unwilling to sell in accordance with the terms of the agreement."

It is the appellants' contention that, since the parties never finally agreed to the specific terms of a purchase money mortgage, the agreement of sale itself was not specifically enforceable in equity, and that in view of this fact the appellee is not entitled to his commission.

Our appellate courts have uniformly held "that a real estate broker's right to a commission accrues as soon as he presents a purchaser ready, willing, and able to purchase the property upon the agreed terms (citing cases)." *Clark v. Provident Trust Co. of Philadelphia,* 329 Pa. 421, 425, 198 A. 36 (1938) ; *Lieberman v. Colahan,* 267 Pa. 102, 110 A. 246 (1920).

In the ordinary case of a real estate broker procuring a customer with whom the owner of the real estate is willing to contract, the commission is earned without reference to the outcome of the sale. See *Nock v. Guthrie,* 239 Pa. 317, 86 A. 859 (1913) ; *Tice v. Easterday,* 148 Pa. Superior Ct. 457, 25 A. 2d 754 (1942).

If the appellants in the instant case desired to postpone the payment of commission until the sale had been consummated they could have embodied such a condition in the terms of the sales agreement for, "It is equally well established that if it be expressly agreed between the parties that the broker shall not be entitled to any commission until a stipulated condition has been fulfilled, for example, until the purchase price

be received by the vendor, then until that condition has been performed the broker has no claim against the vendor for compensation: (citing cases)." *Clark v. Provident Trust Co. of Philadelphia,* supra, p. 425.

There is no evidence in this case substantiating any stipulated condition, such as the agreement as to mortgage terms which had to be fulfilled prior to the appellee's receipt of his commission.

The appellants did not provide in the agreement of sale for any condition upon which the payment of commission was contingent; they did not show that the terms of the agreement were unreasonable; on the contrary they refused to sell their property at the agreed price, and accordingly are not now in a position to refuse to pay the appellee for the services rendered.

Judgment affirmed.