Mailey, Appellant, *v.* Rubin.

Argued January 10, 1957. Before JONES, C. J., CHIDSEY, MUSMANNO, ARNOLD, JONES and COHEN, JJ.

*Samuel I. Sacks,* with him *Lee B. Sacks* and *Thomas F. Doran,* for appellant.

*Alexander N. Rubin, Jr.,* with him *Thomas E. Waters* and *Goff & Rubin,* for appellees.

OPINION BY MR. JUSTICE MUSMANNO, March 18, 1957:

John J. Mailey, the plaintiff in this case, entered into a written agreement with the defendants, Alexander and Edna Rubin, for the purchase of a tract of

land which he intended to subdivide into lots. The contract carried the provision: "Premises to be conveyed clear of all liens and incumbrances, excepting existing restrictions and easements, if any. It is understood there is no Deed restriction prohibiting the dividing of the land, and that it can be divided and approved by Lower Merion Township according to existing zoning." After making the agreed-upon deposit of $6,000, the plaintiff learned that prior deeds would prevent him from building in accordance with current zoning regulations, because some preexisting restrictions by deed specified that all buildings on the land should set back further distances from the bordering streets than the zoning regulations required. The plaintiff regarded these restrictions, of which he had not been previously informed by the defendants, as a breach of warranty in the agreement of sale and accordingly demanded return of the $6,000 deposit, to obtain which he initiated a suit in assumpsit. The defendants filed an answer to the complaint and then moved judgment on the pleadings. After hearing arguments, the lower Court entered judgment in favor of the defendants.

In their brief to this Court, plaintiff's counsel ask "that the plaintiff should be given his day in court to prove his allegations." He does not need to prove his allegations. They have been admitted by the defendants. The decision of the court below is predicated on the assumption that all the averments in the plaintiff's complaint are accepted as true. The only question before us is, whether, accepting the plaintiff's averments as indisputable fact, he has presented a prima facie case for the recovery of his $6,000.

In their brief, plaintiff's counsel call specific attention to the fact that the second sentence of the first paragraph of the agreement of sale, quoted above, was typewritten, whereas the first sentence was printed.

They cite the case of *Onofrey v. Wolliver,* 351 Pa. 18, 23, to the effect that: "Where written and printed portions of a contract are repugnant, printed must yield to written clauses, as written clauses presumably constitute deliberate expression of the real intent of the parties." The only flaw we find in this discharge of meritorious artillery is that it has no target. No one questions the correctness of the quoted rule. Of course, the typewritten insertion prevails over the stereotyped printed matter. But accepting the typewritten sentence *ipsissimis verbis* as unchallengeable, it still is no barrier against the battering ram of the previous deed restriction which breaks down any attempt to build closer to the street margins than the restrictions establish.

The plaintiff argues that the prior restrictions will interfere with his dividing and subdividing the land. They will not. He may divide the land as he desires. The restrictions refer only to setbacks. The plaintiff would seem to contend that setback and subdivision are synonymous, but they are no more synonymous than hill and valley, or plain and plateau. To *divide* obviously means to sever, cut up, or partition. *Setback* is defined by Webster's International Dictionary as follows: "A withdrawal of the face of a building to a line some distance to the rear of the building line, or to the rear of the wall below. The steplike profile of tall buildings is now required by many building codes to reduce the obstruction the upper stories offer to sunlight reaching the streets and lower floors of adjacent buildings." It will be seen that under either definition of *setback,* the plaintiff is not prohibited from dividing and subdividing the land in question.

If the plaintiff did not wish to be thrust back a greater distance than that required by the zone regulations, all he had to do, while the agreement of sale was still in the typewriter, was to add the provision that

the sellers warranted that the buyer would not be compelled to build farther back than the line drawn by the zoning regulations. The plaintiff failed to do this.

There is scarcely a person who, after he has signed a contract, does not think of some other provision he could have inserted in the contract for his further advantage. But contracts must at some time finally leave the negotiation stage and attain permanent form. There is a moment when the wet concrete hardens, and the wall can no longer be altered in shape, dimensions, or constituency. That moment is reached when the parties solemnly attach their signatures to the solemn document which represents their best agreed-upon combined judgments. Of course, if one of the parties has been deceived, the wall will stand re-examination and, if justice requires it, dismantling. But there was no deceit in the case at bar. In his able opinion disposing of the case in the lower Court, the Presiding Judge said: "While Mailey alleges fraudulent misrepresentation, yet he sets forth no facts which would justify such a finding." Commenting on this statement, plaintiff's counsel say: "Such consideration was orally made known to the defendants' duly authorized agent, who assured the plaintiff that there were no restrictions to prevent such subdivision in accordance with existing zoning regulations."

Here again counsel fight on a battlefield which does not exist; here again they shoot arrows at phantoms. Accepting as true every syllable of the plaintiff's argument that the defendants "assured the plaintiff that there were no restrictions to prevent such subdivision in accordance with existing zoning regulations," it still follows that the plaintiff has in no way been harmed, because no one has prevented him and no one can prevent him from subdividing the land as he wishes, sub-

ject only to the setback restrictions which, as we have pointed out, have nothing to do with subdivision.

The question before us on appeal is strictly one of law. It would be an act of supererogation to send this case to trial. Under the authorities of *Onofrey v. Wolliver*, 351 Pa. 18, *Koch v. Matter*, 307 Pa. 337, and *Decker v. Williams*, 130 Pa. Superior Ct. 100, the Court below was justified in entering judgment for the defendants. We see no reason to disturb that conclusion, and the judgment is hereby affirmed.