## Blumberg *v.* DiMarco et al., Appellants.

Argued June 13, 1963. Before RHODES, P. J., ER-VIN, WRIGHT, WOODSIDE, WATKINS, MONTGOMERY, and FLOOD, JJ.

*Thomas S. Howland,* with him *Howland & Hess,* for appellants.

*Merton J. Matz,* with him *Zoob, Cohan & Matz,* for appellee.

OPINION BY FLOOD, J., September 12, 1963:

This is an appeal from a judgment for the plaintiff in a suit to recover a down payment of $5,000 in connection with the execution of an agreement for the sale of real estate containing an express warranty by the sellers "that the entire tract of land being conveyed under this Agreement of Sale is zoned 'C' Residential and that there are no existing Deed Restrictions which may prohibit or limit the uses permitted under the

aforementioned 'C' Residential Zoning Classification." In fact there was a building restriction of record to the effect that "no building shall ever be erected within sixteen feet of any street or avenue upon which the said lot shall frt." "C" zoning required a set-back of only eight feet.

The defendant argues that this was a restriction merely as to use and not area. Since there was no use allowed in "C" residential area that was prohibited by the restriction, he argues there was no breach of the warranty which protected only against restrictions limiting uses permitted by "C" zoning.

The court below held that since no building whatever was permitted within the eight foot strip the warranty was breached; that this was a warranty of existing fact and therefore there was a breach by the defendants simultaneously with the execution of the agreement and plaintiff had the right to refuse to proceed further by paying the second $5,000 called for by the agreement; and that it is no defence that he failed to give the defendants the opportunity to see whether they could convey free and clear of the restriction. The court below has written a clear and accurate opinion which we fully approve and we need add very little to what was there said.

The appellants contend that even if the plaintiff was restricted from building within sixteen feet of the front lines of the property he has not established that he could not utilize the tract to full advantage and still comply with both the use and area restrictions of "C" residential zoning requirements. They argue that hundreds of "C" residential dwellings have set-backs of more than the eight feet required by the ordinance; and that the ordinance does not mean that the set-back line shall be an immutable eight feet back from the building line but rather that it should be not less than eight feet back of the line.

The fact that others have not taken advantage of the full area allowed in a "C" residential district furnishes no ground for saying that the warranty was not violated as soon as it was executed. Nor is it significant that the restriction might not apply to more than one front on a corner property. Defendants are still restricted from building within sixteen feet of one of the fronts of the property. The plaintiff did not get what he bargained for and he cannot be compelled to take something which the sellers claim is just as good. This is a warranty, not a mere condition. The matters covered by a specific warranty cannot be considered immaterial and the doctrine of substantial performance has no application. See *Mailey v. Rubin*, 388 Pa. 75, 77-78, 130 A. 2d 182, 184-185 (1957) ; *Allen v. Mitten Bank Securities Corp.*, 129 Pa. Superior Ct. 341, 350, 195 A. 459, 463, 464 (1937) ; *Karp v. Fidelity-Phenix Fire Insurance Co.*, 134 Pa. Superior Ct. 514, 517-18, 4 A. 2d 529, 531 (1939).

The appellants also contend that the plaintiff was in default by not paying the additional $5,000 required to be paid within five days after the date of the agreement although he had not at that time determined whether or not the title would be insured by a title company. He relies upon a statement in the opinion in *LaCourse v. Kiesel*, 366 Pa. 385, 77 A. 2d 877 (1951), where in a somewhat similar situation the court found that the title was not marketable. However, this does not help the defendant. The decision was not based upon the requirement that the title should be marketable. The court there held that there was a material misrepresentation in the oral announcement by the auctioneer that the property could be converted into apartments. Such conversion was actually forbidden by the zoning ordinance and the vendor recovered back his down money.

In the case of a breach of a warranty that a certain fact exists, rather than of a future fact such as that a marketable title will be conveyed, the party to whom the warranty runs is not obligated to continue with his performance upon the assumption that the breach may be remedied before the time fixed for performance by the warrantor. If the seller's default is irremediable before the time for settlement, the buyer need not perform. *Moore v. Shelly*, 2 Watts 256 (1834); *Ritter v. Hill*, 282 Pa. 115, 127 A. 455 (1925).

The judgment is affirmed.