## Vernon D. Cox & Co., Inc. *v.* DiMarco et al., Appellants.

Argued June 13, 1963. Before RHODES, P. J., ER-VIN, WRIGHT, WOODSIDE, WATKINS, MONTGOMERY, and FLOOD, JJ.

*Robert G. Hess,* with him *Howland and Hess,* for appellants.

*Edmund B. Spaeth, Jr.,* with him *MacCoy, Evans & Lewis,* for appellee.

OPINION BY FLOOD, J., September 12, 1963:

Vernon Cox, president of the appellant company, was engaged to find a buyer for the defendants' real estate. As a result of Cox's efforts, Louis Blumberg signed an agreement to purchase the property from the appellants. As a result of the violation of the warranty against restrictions contained in the agreement, Blumberg refused to go through with the settlement, sued to recover his down money and obtained a judgment which we have today affirmed. *Blumberg v. DiMarco*, 201 Pa. Superior Ct. 592, 193 A. 2d 634 (1963).

The complaint in this case avers that the defendant promised to pay the plaintiff, on or before March 1, 1960, a 5% commission amounting to $5,000 for procuring Blumberg as the buyer of the premises, as more fully stated in the agreement of sale, incorporated in the complaint as Exhibit A.

This written agreement of sale between the defendants and Blumberg, to which the appellee was not a party, provided in Paragraph 12: "In consideration of services in procuring the buyer named in the accompanying Agreement of Sale, the sellers named herein hereby agree to pay to Vernon D. Cox & Company, Inc. a 5% commission, at time of final settlement."

Cox testified that he was orally requested by John DiMarco, one of the appellants, to find a buyer for the property and that he produced Mr. Blumberg with whom the defendants executed the agreement of sale referred to. Mr. Blumberg prepared the agreement of sale and inserted the provision that the appellants would pay the appellee a brokerage commission of five percent at final settlement. Cox testified that he did not insert this provision in the agreement of sale or instruct Blumberg to do it.

Cox also testified that he had no conversation concerning the payment of commission with either John DiMarco or any of the other appellees nor, to his recol-

lection, with their attorney, Thomas S. Howland, Esquire.

Mr. Howland testified for the appellants that he had a conference with Cox which lasted three-quarters of an hour prior to the signing of the agreement of sale by the appellants, and that Mr. Cox "understood and agreed" that his firm was to be paid a commission only "upon, when and if final settlement was made" under the agreement, and "if this transaction was not completed by settlement being made, he was not entitled to any commission."

1. The court below found in favor of the plaintiff. In its opinion refusing a new trial, the court said that this was an oral contract under which the plaintiff had performed its part of the contract and its right to a commission was not dependent upon the settlement. It is well established that, in the absence of an agreement to the contrary, a broker earns his commission when, after being employed to do so, he produces a buyer ready, willing and able to buy the property. *Simon v. Reiter,* 175 Pa. Superior Ct. 252, 103 A. 2d 275 (1954). The plaintiff produced such a buyer here, who signed a binding agreement to purchase the property. Consequently, it has earned its commission unless there was an agreement that it would not be entitled to a commission unless there was a final settlement for the property.

The parties agree that the statement in the written agreement is not binding upon the plaintiff who was no party to it. Moreover, since the plaintiff had already earned the commission if Cox's version of the oral agreement is correct, there would be no consideration for giving up its right to it in the event settlement did not take place. *Markson Bros. v. Redick,* 164 Pa. Superior Ct. 499, 66 A. 2d 218 (1949).

The language "to pay . . . a . . . commission, at time of final settlement," is not a clear agreement that

the broker would not be entitled to his commission for bringing the parties together unless there was a final settlement. Paragraph 12 of the agreement of sale merely purports to fix the time of payment. It does not impose a condition whose performance or occurrence is a prerequisite to payment, as would the language of Mr. Howland in his testimony or that used in the case upon which the defendants rely, *Clark v. Provident Trust Company of Philadelphia,* 329 Pa. 421, 198 A. 36 (1938). The language there was that the commission would be "considered as earned and payable only when settlement is finally completed and the full purchase money received by you." The agreement of sale here does not say that the commission should never be payable if there was no final settlement. The more reasonable interpretation in view of the rule laid down in such cases as *Simon v. Reiter,* supra, is that it must be paid no later than at final settlement, but is due and payable in any event within a reasonable time. This was an oral contract and the finding of the court as to the terms of the contract is based upon proper evidence and is binding upon us.

2. The appellant complains that the court discarded the proposed testimony of John DiMarco without hearing him. John DiMarco, who acted for the appellants in dealing with the appellee prior to the meeting of Vernon Cox with the defendants' counsel, could not be present at the hearing because of an accident that morning. His counsel requested that he be allowed to testify at a later date, and stated that he would then testify that he had conversations with Cox to the effect that the plaintiff would be paid a commission only if final settlement were made and that if settlement was not completed he was not to be paid any commission. Plaintiff's counsel objected that this would be inadmissible under the parol evidence rule. After some discussion the court stated:

"Now, I understand that you reserve your right of cross examination and that both of you have waived any exceptions or objections to the fact that I didn't see or hear this witness, is that right, and then I'll take your statement as to what he would testify to if he were here, and you reserve your right of cross examination in case he's brought here later, but if I decide that his testimony would be irrelevant, then we don't need to bring him here, is that correct?

"Mr. Howland: That's correct.

"Mr. Spaeth: Irrelevant or inadmissible.

"The Court: Yes. All right.

"Mr. Spaeth: Yes, so I best make sure that I—in other words I have objected, and if you decide to sustain the objection then the record will be closed.

"The Court: Right.

"Mr. Spaeth: If you decide to overrule the objection, then your Honor will notify counsel and there will be a day when the witness will appear.

"The Court: Very good. That's understood and agreed."

The trial judge later decided against the defendants without either hearing Mr. DiMarco's testimony or sustaining the objection to it. The court below stated in its opinion that DiMarco's version of his conversation with Cox was "on this record in full in the form of Howland's statement as to what he would testify to if present, supported by Howland's further statement to Cox, testified to by Howland, as to what John DiMarco said to him in a telephone conversation on October 20, 1959, that Howland had with DiMarco in the presence and hearing of Cox" but that it was completely contradicted by the agreement which DiMarco signed four days later providing that the commission was to be paid "at the time of final settlement". The court said further: "We have no hesitancy in accepting John DiMarco's written statement on this

point, not only because it contradicted and vitiated his previous oral statement, but also because it comes after he had four days' opportunity to reconsider his said oral statement in the light of the opinions of the other seven sellers on this point, all of whom also signed said written statement, and all of whom we would have to disbelieve if instead we accepted John DiMarco's said oral statement."

Thus the court did not hold that the offered testimony was inadmissible. It correctly found that the contract was oral. Consequently the parol evidence rule had no application. The offered testimony was also clearly relevant and the opinion of the court below indicates that it considered it so. The trial judge found only that the writing signed by DiMarco, confirming Vernon Cox's version of the oral agreement, rendered DiMarco's oral statement to counsel, as set forth in Mr. Howland's offer and testimony, incredible under the circumstances.

If the offered testimony were inadmissible or irrelevant, the trial judge's ruling would be unexceptionable even in the absence of the stipulation. The stipulation furnished no basis for a determination that it was not believable without seeing and hearing the witness. Therefore, a new trial is required.

Judgment reversed with a procedendo.