## Cheyney v. Cohen d/b/a Maplewood Pharmacy

*Lenard L. Wolffe*, for plaintiffs.
*Marjorie C. Lawrence*, for defendant.

BROWN, *J.*, October 19, 1982—Defendant leased a commercial storefront from plaintiffs for a period of ten years, commencing July 1, 1968. The lease agreement contained two separate provisions relating to the expiration of the ten-year term. The first provision gave defendant the option to renew the lease giving 90 days written notice. The second gave both plaintiffs and defendant the right to terminate the lease by giving written notice six months prior to the expiration of the term.

On December 12, 1977, plaintiffs gave six-month's notice of their intention to terminate lease at end of the term. On December 19, 1977, defendant gave notice of his renewal of the lease under the option, and advised plaintiffs that their attempted termination was a legal nullity. Defendant has remained in possession beyond the ten-year term, paying rent under the terms of the option provision. Plaintiffs, maintaining that the lease agreement terminated on July 1, 1978, brought an action in ejectment. Defendant's demurrer was granted and the complaint dismissed.

The lease contains both form-printed and typewritten provisions. Paragraph 4 is typewritten and states:

Lessee shall have the option to renew this lease at the expiration of the term hereby granted for three (3) successive terms of five (5) years each. . . . To exercise any such option, Lessee shall give notice in writing to Lessors in the manner provided for the giving of notice by this lease that he elects to renew said lease as herein provided, which said notice shall be given at least 90 days before the expiration of the term herein specified or any renewal thereof.

Paragraph 24 is printed, containing typewritten insertions and states:

It is hereby mutually agreed that either party hereto may determine this lease at the end of said term of any renewal thereof by giving to the other party written notice thereof at least six (6) months prior thereto, . . .

Plaintiffs argue the option under paragraph 4 becomes effective only if and when plaintiffs fail to give six months notice of termination under paragraph 24. Defendant, on the other hand, contends that the notice of termination becomes effective only if and when defendant fails to give 90-days notice of renewal.

In construing the terms of a lease, the court must ascertain the intentions of the parties from the language of the lease itself: National Biscuit Co. v. Baehr Bros. 203 Pa. Super. Ct. 133, 199 A. 2d 494 (1964). When such language is ambiguous or contradictory, the court must look to certain rules of contract construction to determine intent. It is a well-established rule of construction that where typed and printed provisions are repugnant to one another, the typed provision is presumed to be the deliberate expression of the true intent of the parties: Mailey v. Rubin, 388 Pa. 75, 130 A. 2d 182 (1957); Onofrey v. Wolliver, 351 Pa. 18, 40 A. 2d 35

(1944); Cusamano v. Anthony M. DiLucia, Inc., 281 Pa. Super. Ct. 8, 421 A. 2d 1120 (1980). Because the provisions of paragraph 4 are entirely typewritten they control when inconsistent with paragraph 24.

Applying this construction, we find defendant gave effective notice of renewal on December 19, 1977, and is currently in possession pursuant to the terms of the five-year option of paragraph 4. Plaintiffs' contention that the court "ignored" their December 12, 1977 notice of termination is without merit. We did not ignore the attempted termination, but rather found that it became ineffective upon defendant's notice of renewal one week later. Further, in so holding, we did not "nullify" the termination provision of paragraph 24, as plaintiffs suggest. Plaintiffs can effectively terminate the lease under paragraph 24 whenever defendant fails to give 90-days notice of renewal under the controlling provisions of paragraph 4.

Plaintiffs contend that the rule of construction favoring typewritten provisions over printed provisions should not have been applied in this case because both provisions contain some typewritten terms. However, in Cusamano, supra, the Superior Court decided that precise issue and found a typewritten provision controlled a provision printed "with the exception of several completed blank spaces with typed insertions."

Plaintiffs also contend the court erred in not construing the lease against the drafter: Burns Mfg. Co. v. Boehm, 467 Pa. 307, 356 A. 2d 763 (1976). Apart from the fact that the identity of the drafter cannot be ascertained from the record, the rule was not intended "as a talismanic solution" to the construction of ambiguous language: Burns Mfg. Co., supra and Cusamano, supra. Indeed, in Cusamano,

the Superior Court construed a lease in favor of its drafter applying the rule favoring typewritten provisions.

Plaintiffs finally contend that granting the demurrer prevented them from presenting parol evidence at trial to resolve the contradiction between lease provisions. Initially, it should be noted that the alleged parol evidence was not in the complaint. No mention of it was made in the briefs or at argument on the demurrer: Muia v. Fazzini, 416 Pa. 377, 205 A. 2d 856 (1965). Even assuming it was of record, however, parol would not have been admissible at trial.

Parol evidence is admissible to prove the intent of the parties only when the written instrument is ambiguous: Clancy v. Recker, 455 Pa. 452, 459, 316 A. 2d 898, 902 (1974). However, before it can be determined whether an ambiguity exists, the court must first interpret the written instrument: Williston on Contracts §600A, pp. 299-300. The interpretation of leases involves questions of law to be decided by the court upon the application of certain legal rules of construction: Kardibin v. Associated Hardware, 284 Pa. Super. Ct. 586, 595, 426 A. 2d 649, 654 (1981). If the court can resolve apparent contradictions of ambiguities by the application of such rules, parol evidence will not be admitted.

It is a fair inference that when, after exposing the writing to the myriad facets of interpretation, the court applies the principle that a "clear and unambiguous" writing may not be varied or amplified, it has come to the conclusion that whatever the extrinsic evidence might show, it could not change the intent of the parties as expressed in the writing at the time the agreement was made. Williston on Contracts §600A pp. 300-03 (footnotes omitted)

In this case the contradiction was resolved by applying the rule of construction favoring typewritten over printed provisions. That makes the instrument clear and unambiguous, and parole evidence is not admissible at trial to show otherwise.